RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Counsel for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE TAX EXPERTS, INC.,<br><br>Defendant. | Case No. 8:22-cv-00360-DOC-DFM<br><br>**AMENDED JOINT SCHEDULING REPORT AND DISCOVERY PLAN**<br><br>Date: August 4, 2022<br>Time: 7:30 a.m.<br>Courtrm: 10A<br>Judge: Hon. David O. Carter |

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1, Plaintiff Shane Scofield and Defendant Nationwide Tax Experts, Inc. submit the following amended joint scheduling report and discovery plan:

1.  <u>Statement of the Case</u>: This is a putative class action alleging that Defendant makes prerecorded voice calls without consent to generate business by violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. The

Complaint includes one claim for violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), prohibiting the making of prerecorded voice calls without consent.

Defendant denies liability and the extent of damages Plaintiff alleges in his Complaint.

2.  <u>Legal Issues</u>: The key legal issues anticipated by the parties are as follows: whether Defendant makes prerecorded voice calls; whether Defendant's conduct constitutes a violation of the TCPA; whether members of the Class are entitled to treble damages based on the alleged willfulness of Defendant's conduct; whether Plaintiff can meet his burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality and adequacy with respect to the proposed class, as well as at least one ground for certifying a class pursuant to Rule 23(b); and whether individualized issues predominate where Defendant made calls to different class members based upon their individual interactions with different websites and third-parties, using different disclosures, at different times.

3.  <u>Whether parties are likely to be added and whether the pleadings are likely to be amended</u>: The parties do not presently anticipate adding parties, and Plaintiff does not anticipate amending the complaint.

4.  <u>Anticipated Motions</u>: Plaintiff anticipates filing a motion for class certification and potentially a motion for summary judgment. Defendant does not

currently anticipate filing any dispositive motions; however, this may change as information is developed through discovery.

     5.    <u>Settlement Efforts</u>:  The parties have preliminarily discussed settlement, and agree to continue to discuss settlement as the action progresses. The parties agree to use Bruce A. Friedman as their private mediator.

     6.    <u>Discovery Plan</u>:

         (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties have already exchanged initial disclosures in the form required by Rule 26(a).

         (B) the subjects on which discovery may be needed:

*Plaintiff*:  Plaintiff will be serving discovery directed primarily towards Defendant's defenses to Plaintiff's claims, identifying all parties involved in the making of unsolicited prerecorded calls by or on behalf of Defendant, including information relating to the instructions to make the calls, any third parties involved in making the calls, as well as information sufficient to identify the recipients of the calls. This written discovery will seek information maintained by Defendant, any agent of Defendant, and vendors from whom Defendant obtains products and services. Plaintiff then intends to depose Defendant relating to its defenses, the

calls at issue, and serve additional written discovery as necessary. Plaintiff will also depose Defendant's agents and the third party vendors supplying leads and dialers to Defendant. Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the Class's claims.

*Defendant*: Defendant anticipates discovery necessary to support (i) the merits of and defenses against Plaintiff's TCPA claims individually; and (ii) the basis, if any, of his class allegations. This includes, but is not limited to: (i) the number of alleged calls Plaintiff claims to have received and the context of those calls; (ii) Plaintiff's individual interactions with different websites and third-parties, and the consent(s) he provided; (iii) Plaintiff's use of the telephone number on which he allegedly received the calls at issue; (iv) any other telephone numbers associated with Plaintiff; and (v) Plaintiff's adequacy to serve as a class representative. Defendant intends to depose Plaintiff on these topics.

      (C)    any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties have not presently identified any potential issues relating to the preservation of discoverable information, and agree to take required measures to ensure preservation of relevant information by the parties and any third party

vendors. The parties will endeavor to jointly prepare a suitable ESI protocol for entry by the Court, should it become necessary.

    (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production, but will continue to discuss this issue as discovery proceeds and as it becomes necessary.

    (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

The parties do not believe any limitations on discovery should be imposed other than as provided in the federal and local rules.

The parties will endeavor to jointly prepare a suitable protective order for entry by the Court.

7.    <u>Preliminary Trial Estimate</u>: Plaintiff has requested a jury trial. The parties believe that any trial estimate will be significantly impacted by this Court's ruling on class certification issues. Nevertheless, to comply with the Court's

Order, the parties estimate that trial may require 3-5 days if the matter proceeds as a class action and 1 day if the matter proceeds as an individual action.

8.   <u>Other issues and four proposed, specific dates</u>:

a. Discovery cut-off date: February 10, 2023.

b. Final dispositive motion cut-off date: February 20, 2023.

Deadline to file Motion for class certification: December 12, 2022.

Deadline to Respond to Motion for class certification: January 3, 2023

Deadline to Reply to Motion for class certification: January 16, 2023

Hearing on Motion for Class Certification: January 30, 2023

c. Final Pretrial Conference: Monday, April 17, 2023

d. Trial Date: Tuesday, May 9, 2023

<u>Other Issues</u>:

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email to the following email addresses:

Plaintiff: rachel@kaufmanpa.com; kaufman@kaufmanpa.com

Defendant: kevin@kjclawgroup.com

Per the Court's direction, the parties will engage a Discovery Special Master, and will inform the Court by August 12, 2022 of the parties' selection.

|   |   |   |
|---|---|---|
| Dated: August 5, 2022 | | Respectfully Submitted, |
| | | By: /s/ Rachel E. Kaufman |
| | | Rachel E. Kaufman (Cal Bar No. 259353) |
| | | rachel@kaufmanpa.com |
| | | KAUFMAN P.A. |
| | | 237 South Dixie Highway, 4th Floor |
| | | Coral Gables, FL 33133 |
| | | Telephone: (305) 469-5881 |
| | | *Attorney for Plaintiff and the putative Class* |

Dated: August 5, 2022                    Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   /s/ Kevin J. Cole

Attorneys for Defendant
*Nationwide Tax Experts, Inc.*

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Rachel Kaufman, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By:   /s/ Rachel E. Kaufman
        Rachel E. Kaufman